IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
TALLAHASSEE DIVISION

LESTER HACKLEY,

    Petitioner,

v.                                                                                               4:17cv435–WS/CAS

MARK S. INCH, Secretary
Florida Department of
Corrections,

    Respondent.

_____

ORDER ADOPTING THE MAGISTRATE JUDGE'S
REPORT AND RECOMMENDATION

Before the court is the magistrate judge's report and recommendation (ECF No. 39) docketed January 28, 2019. The magistrate judge recommends that Petitioner's petition for writ of habeas corpus be DENIED. Petitioner ("Hackley") has filed objections (ECF No. 45) to the magistrate judge's report and recommendation.

The undersigned has reviewed the record in light of Hackley's objections but finds no basis upon which to reject the magistrate judge's report and recommendation. The undersigned agrees that Hackley has failed to demonstrate

that he is entitled to relief under 28 U.S.C. § 2254.

The court is mindful that, in his objections, Hackley asserts that the magistrate judge failed to address his void-for-vagueness due-process claim based on the United States Supreme Court's 2015 decision in *Johnson v. United States*, 135 S. Ct. 2551 (2015). In *Johnson*, the Supreme Court invalidated the residual clause of the federal Armed Career Criminal Act ("ACCA"), 18 U.S.C. § 924(e). *Johnson* was decided while Hackley's re-sentence was on direct appeal to the Florida First District Court of Appeal, after his initial and reply briefs were filed but before oral argument was held.

Hackley first raised his void-for-vagueness claim in the First District Court of Appeal by way of a Notice of Supplemental Authority. The claim was purportedly addressed at oral argument. The First District Court affirmed Hackley's re-sentence without expressly addressing Hackley's *Johnson*-based claim, and the Florida Supreme Court denied review. Before this court, Hackley has included a *Johnson*-based argument in Ground Two of his habeas petition. *See* ECF No. 1 at 21–22. If Hackley has, indeed, exhausted his *Johnson*-based void-for-vagueness claim in the state courts, he nevertheless is not entitled to federal habeas relief.

Hackley was convicted of burglary of a conveyance with an assault and was

sentenced to life in prison pursuant to Florida's Prison Release Reoffender ("PRR") statute. Fla. Stat. § 775.082. The PRR statute provides for enhanced penalties for a defendant convicted of a qualifying offense listed in § 775.082(9)(a)(1) within three years of being released from a state correctional facility. Burglary of a conveyance with an assault is not—and was not at the time of Hackley's offense—an enumerated offense under the PRR statute. As recognized by the Florida Supreme Court in *State v. Hackley*, 95 So. 3d 92, 94 (Fla. 2012), burglary of a conveyance with an assault is a qualifying offense under the PRR statute only if it falls under § 775.082(9)(a)(1)(o), which lists "[a]ny felony that involves the use or threat of physical force or violence against an individual." The Florida Supreme Court concluded that burglary of a conveyance with an assault *is* a PRR-qualifying offense under subsection (o).

This court rejects Hackley's contention that subsection (o) of the PRR statute is "almost identical" to the ACCA's residual clause, which was found to be "unconstitutionally vague" by the *Johnson* Court. The ACCA increases the penalties for individuals convicted of a firearms offense under 18 U.S.C. 922(g) who have three or more earlier convictions for a "violent felony." 18 U.S.C. § 924(e)(1). "Violent felony" is defined in the ACCA as

> any crime punishable by imprisonment for a term exceeding one year . . . that—

> (i) has as an element the use, attempted use, or threatened use of physical force against the person of another; or
>
> (ii) is burglary, arson, or extortion, involves use of explosives, *or otherwise involves conduct that presents a serious potential risk of physical injury to another.*

*Id.* § 924(e)(2)(B) (emphasis added). The language italicized above is known as the ACCA's residual clause.

In brief, the *Johnson* Court explained its decision to invalidate the ACCA's residual clause as follows:

> Two features of the residual clause conspire to make it unconstitutionally vague. In the first place, the residual clause leaves grave uncertainty about how to estimate the risk posed by a crime. It ties the judicial assessment of risk to a judicially imagined "ordinary case" of a crime, not to real-world facts or statutory elements. . . .
>
> At the same time, the residual clause leaves uncertainty about how much risk it takes for a crime to qualify as a violent felony. It is one thing to apply an imprecise "serious potential risk" standard to real-world facts; it is quite another to apply it to a judge-imagined abstraction. By asking whether the crime "otherwise involves conduct that presents a serious potential risk," . . . the residual clause forces courts to interpret "serious potential risk" in light of the four enumerated crimes—burglary, arson, extortion, and crimes involving the use of explosives. These offenses are "far from clear in respect to the degree of risk each poses." *Begay*, 553 U.S., at 143, 128 S. Ct. 1581. . . . By combining indeterminacy about how to measure the risk posed by a crime with indeterminacy about how much risk it takes for the crime to qualify as a violent felony, the residual clause produces more unpredictability and arbitrariness than the Due Process Clause tolerates.

*Johnson*, 135 S. Ct. at 2558.

Subsection (o) of Florida's PRR statute is not plagued with the same indeterminacy. The language of subsection (o)—"[a]ny felony that involves the use or threat of physical force or violence against an individual"—is *not* "almost identical" to the imprecise language—"or otherwise involves conduct that presents a serious potential risk of physical injury to another"—of the ACCA's subsection (e)(2)(B)(ii) residual clause. Instead, the language of subsection (o) is more like another section of the ACCA, namely, the "force clause" of § 924 (e)(2)(B)(i), which defines a "violent felony" as one that "has as an element the use, attempted use, or threatened use of physical force against the person of another." Neither the Supreme Court nor any other court has held that the ACCA's "force clause" is void for vagueness. Hackley's reliance on *Johnson* is misplaced and provides no basis for relief under § 2254.

Accordingly, it is ORDERED:

1. The magistrate judge's report and recommendation (ECF No. 39) is ADOPTED and incorporated by reference into this order.

2. Hackley's § 2254 habeas corpus petition (ECF No. 1) is DENIED.

3. A certificate of appealability is DENIED.

4. Leave to appeal in forma pauperis is DENIED.

5. The clerk shall enter judgment stating: "Lester Hackley's petition for writ of habeas corpus is DENIED."

DONE AND ORDERED this __9th__ day of __April__, 2019.

s/ William Stafford

WILLIAM STAFFORD

SENIOR UNITED STATES DISTRICT JUDGE